Singh v. Barr

BIA
A200 291 187

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of April, two thousand nineteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

NAMINDER SINGH,
*Petitioner,*

v.                                                    17-2956
                                                      NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Jaspreet Singh, Fremont, CA.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Anthony C.
                       Payne, Assistant Director; Raya
                       Jarawan, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naminder Singh, a native and citizen of India, seeks review of a September 6, 2017, decision of the BIA, denying his motion to reopen. *In re Naminder Singh,* No. A200 291 187 (B.I.A. Sept. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Singh argued that changed conditions in India should excuse the untimely filing of his motion and, as support, he submitted affidavits asserting that that police continued to look for him and would kill him in India on account of his membership in the Akali Dal Mann political party and his Sikh faith.

It is undisputed that Singh's 2017 motion was untimely because it was filed two years after his removal order became final in 2015. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R.

2

§ 1003.2(c)(2). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Singh failed to demonstrate such conditions.

The BIA reasonably declined to credit affidavits purportedly from Singh's father, brother, and uncle because the affidavits were not accompanied by the authors' identification documents, the mailing envelopes, or the authors' fingerprints despite the notary indicating that their fingerprints were affixed and because Singh was found not credible in his underlying proceedings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (providing that the weight afforded evidence in immigration proceedings "lies largely" within agency discretion (internal quotation marks and brackets omitted)); *see Qin Wen Zheng v.*

3

*Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007) (holding that the agency may decline to credit subjective evidence submitted with a motion to reopen by an alien who was found not credible in the underlying proceeding).

Furthermore, the BIA did not err in concluding that the most recent country conditions evidence, which did not discuss any violence involving Mann Party members or Sikhs, failed to demonstrate a material change in conditions since Singh's hearing before the IJ. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.").

Accordingly, because the BIA reasonably concluded that Singh failed to demonstrate a material change in conditions in India, it did not abuse its discretion in denying his motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

4

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court